**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:14-cv-62945-Bloom/Valle**

OWEN HARTY,

      Plaintiff,

vs.

NORTH LAUDERDALE
SUPERMARKET, INC.

      Defendant.

_____/

## DEFENDANT'S MOTION FOR DISMISSAL UNDER RULE 12(b)(1), OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant NORTH LAUDERDALE SUPERMARKET, INC., a Florida Profit Corporation, d/b/a SEDANOS SUPERMARKET #35 ("Sedano's"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and moves for dismissal of all claims brought by Plaintiff OWEN HARTY, on the ground that Plaintiff's claims have become moot, and the Court therefore no longer has subject matter jurisdiction over this case. In the alternative, Defendant Sedano's moves for the entry of summary judgment in its favor pursuant to Rule 56, stating as follows:

1.     Plaintiff has brought this action for declaratory and injunctive relief, as well as an award of attorney's fees, costs, and litigation expenses, against Sedano's as a result of its alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. *See* Plaintiff's Complaint [DE #1].

2.     Specifically, the Plaintiff alleges that "[t]he Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. §12182, et seq." *Id*. at ¶ 15.

*Harty v. North Lauderdale Supermarket, Inc.*
Case No.: 0:14-cv-62945-Bloom/Valle
Page 2 of 15

3.     Furthermore, the Plaintiff alleges that "Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of prohibited by 42 U.S.C. §12181 et seq. and 28 CFR 36.302." *Id*. at ¶ 17.

4.     The specific barriers alleged in the complaint that are applicable to Sedano's are as follows:

a.     The required clear floor space is not provided for hand sanitizers due to a trash can or merchandise. Accessible features are not properly maintained in violation of 28 CFR 36.211; 1991 ADAAG Sections 4.2.4; 4.27.2; 2010 ADAAG Sections 305.3; 309.2.;

b.     The seating/tables in the dining area do not provide toe clearance that extends 17" minimum under the tables in violation of 1991 ADAAG Sections 4.1.3(18); 4.32.3; 2010 ADAAG Sections 226; 305.4; 306.2.3; 902.2.;

c.     Latch side clearance of 18" is not providing on the pull side of the restroom door and a trash can is in the required maneuvering clearance. Accessible features are not properly maintained in violation of 28 CFR 36.211; 1991 ADAAG Section 4.13.6; 2010 ADAAG Section 404.2.4.;

d.     The toilet compartment is not at least 60" by 59". The toilet compartment door lacks the required pull hardware on both sides and it is not self-closing in violation of 1991 ADAAG Sections 4.13.9; 4.17 .3; 4.17.5; 2010 ADAAG Sections 604.8.1.1; 604.8.1.2.;

*Harty v. North Lauderdale Supermarket, Inc.*
Case No.: 0:14-cv-62945-Bloom/Valle
Page 3 of 15

  e. The lavatory pipes are not properly insulated in violation of 1991 ADAAG Section

    4.19.4; ADAAG Section 606.5.;

  f. The clear width to enter the area where the urinal is located is less than 32" wide in

    violation of 1991 ADAAG Section 4.3.3; ADAAG Section 403.5.1.;

  g. In the toilet compartment, the centerline of the water closet is more than 18" from the

    side wall, the top of the gripping surface on the rear grab bar is higher than 36" above

    the finish floor, the side grab bar extends less than 52" from the rear wall, and the

    toilet paper dispenser is mounted less than 12" above the side grab bar in violation

    of 1991 ADAAG Sections 4.17.3; 4.17.6;Figure 30; 2010 ADAAG Sections 604.2;

    604.5; 604.8.1.1; 604.8.1.5; 609.3; 609.4.; and

  h. The paper towel dispenser requires tight grasping with both hands to operate in

    violation of 1991 ADAAG Section 4.27.4; ADAAG Section 309.4.

 *Id*. at ¶ 7.

5. However, none of the alleged barriers exist as of June 5, 2015. *See* declaration of Jeffery

 Gross, attached hereto as Exhibit A, at ¶¶ 5-13.

6. As a result, the Plaintiff's claims are moot, and fail to state a cause of action upon which

 relief can be granted.

7. In the alternative, summary judgment should be granted in Sedano's favor on all claims

 applicable to it, as Sedano's is now in compliance with Title III of the ADA.

8. In support of these claims, Sedano's relies upon the following memorandum of law and

 argument.

*Harty v. North Lauderdale Supermarket, Inc.*
Case No.: 0:14-cv-62945-Bloom/Valle
Page 4 of 15

A.   **STATEMENT OF UNDISPUTED FACTS**

9.      At all times material hereto, Sedano's operated a retail grocery store located at 7208 Southgate Boulevard, North Lauderdale, FL 33068 ("the Facility"). See declaration of Daniel Valdes, attached hereto as Exhibit B, at ¶ 5.

10.     Sedano's first became aware of Plaintiff's alleged encounters with accessibility barriers when the Complaint was served. *See id.* at ¶ 7.

11.     Upon receipt of the Complaint, Sedano's engaged architect Jeffery Gross to serve as an accessibility consultant. *See id.* at ¶ 7.

12.     Thereafter, Sedano's effected alterations and/or modifications to the Facility that removed the accessibility barriers alleged in the Complaint. *See id.* at ¶ 10.

13.     Mr. Gross inspected the Facility on February 2, 2015, April 17, 2015 and May 20, 2015. *See* Exhibit A at ¶ 4.

14.     Mr. Gross determined that none of the accessibility barriers alleged in the Complaint existed as of his last inspection date. *See id.* at ¶ 5.

15.     In addition to the physical repairs completed at the Facility, Sedano's has trained its employees on compliance with ADA accessibility guidelines, and will ensure that all employees adhere to this policy, whether they are currently employed or begin employment in the future. *See* Exhibit B at ¶¶ 12-15.

*Harty v. North Lauderdale Supermarket, Inc.*
Case No.: 0:14-cv-62945-Bloom/Valle
Page 5 of 15

**B.**    **LEGAL STANDARDS**

*I.*    *Americans with Disabilities Act*

16.    In 1990, Congress enacted the Americans with Disabilities Act ("ADA"), which is codified

at 42 U.S.C. § 12101, et seq. Title III of the ADA imposes a requirement that "places of

public accommodation" must remove "architectural barriers" where such removal is "readily

achievable." 42 U.S.C. § 12182(2)(b)(iv).

17.    Additionally, Title III requires any places of public accommodation constructed after January

26, 1993 to be designed and constructed so as to be readily accessible to access for persons

with disabilities. 28 C.F.R. § 36.401 (2011).

18.    The ADA is further interpreted and applied by the 2010 ADA Standards for Accessible

Design ("ADAAG" or "Guidelines"). *See* 28 C.F.R. § 36.1191.1, appendices A through D.

19.    "[I]n order to be subject to Title III of the ADA [and the ADAAG], a potential defendant

must be '[a] person who owns, leases (or leases to), or operates a place of public

accommodation.'" *Bowers v. Nat'l Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, 480 (D.N.J.

1998) (internal citations omitted).

*II.*    *Injunctive Relief under the ADA*

20.    The question of whether a plaintiff is entitled to injunctive relief is distinct from the question

of mootness and requires separate analysis:

> Even though a case is not moot, that does not mean that injunctive relief
> follows automatically; undoubtedly, injunctive relief requires 'something
> more than the mere possibility which serves to keep the case alive. Whether
> a permanent injunction is appropriate . . . . turns on whether the plaintiff can
> establish by a preponderance of the evidence that this form of equitable relief
> is necessary."

*Harty v. North Lauderdale Supermarket, Inc.*
Case No.: 0:14-cv-62945-Bloom/Valle
Page 6 of 15

> *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 n. 10 (11th Cir. 2007).

21.    To obtain injunctive relief, the plaintiff must show the likelihood of substantial and

immediate irreparable injury, and the inadequacy of remedies at law. *O'Shea v. Littleton*, 414

U.S. 488, 502 (1974).

*III.*    *Motions to Dismiss for Mootness*

22.    The Eleventh Circuit has explained the mootness doctrine as follows:

> Article III of the Constitution limits the jurisdiction of the federal courts to
> the consideration of "Cases" and "Controversies." … [A] case is moot when
> it no longer presents a live controversy with respect to which the court can
> give meaningful relief. If events that occur subsequent to the filing of a
> lawsuit … deprive the court of the ability to give a plaintiff meaningful relief,
> then the case is moot and must be dismissed.

> *Troiano v. Supervisor of Elections in Palm Beach County*, 382 F.3d 1276, 1282 (11th Cir.
> 2004).

23.    Rule 12(b)(1) is the proper vehicle for a defendant to attack jurisdiction on grounds of

mootness. *See Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003).

24.    Jurisdiction may be attacked facially or factually. *Romano v. Rambosk*, 2010 WL 2732005,

*2 (M.D. Fla. 2010).

25.    A factual attack "challenge[s] the existence of subject matter jurisdiction in fact, irrespective

of the pleadings, and matters outside the pleadings, such as testimony and affidavits are

considered." *Id*. (*citing* Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

26.    When the defendant brings a factual attack, the court has substantial latitude, as the Eleventh

Circuit has made clear:

> [The court] may proceed as it never could under Rule 12(b)(6) or
> Fed.R.Civ.P. 56….[T]he trial court is free to weigh the evidence and satisfy

> itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue."

*Morrison*, 323 F.3d at 925 (internal citations omitted).

27.    A claim alleging a violation of the ADA becomes moot if the alleged violations at issue are corrected without a judicially-sanctioned change in the legal relationship between the parties; i.e. if Defendant voluntarily ceases the conduct which is the underlying basis for the complaint. *See Buckhannon Bd. and Care Home v. West Va. Dept. of Health and Human Resources*, 532 U.S. 598, 604 (2001); *Norkunas v. Tar Heel Capital Wendy's LLC*, 2011 WL 2940722, at *3 (W.D.N.C. July 19, 2009); and *Norkunas v. Seahorse NB, LLC*, 2011 WL 1988799, at *6 (M.D.Fla. May 23, 2011).

28.    When evaluating whether the case is moot under the voluntary cessation doctrine, the Court can only consider "those ADA violations actually alleged in the Complaint." *Access 4 All, Inc. v. Bamco VI, Inc.*, 44 NDLR P 152 (S.D. Fla. 2012); see also  *Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F.Supp. 2d 1357, 1366 n. 16 (S.D.Fla. 2001).

29.    The mootness doctrine is especially applicable in the ADA context, as the alleged discrimination cannot reasonably be expected to recur, since structural modifications are unlikely to be altered in the future. *See Sharp v. Rosa Mexicano, D.C., LLC*, 496 F.Supp.2d 93, 99 (D.D.C.2007); *Kallen v. J.R. Eight, Inc.*, 775 F.Supp.2d 1374, 1379 (S.D.Fla. 2011); *Access 4 All, Inc. v. Casa Marina Owner, LLC*, 458 F.Supp.2d 1359, 1366 (S.D.Fla. 2006)).

*Harty v. North Lauderdale Supermarket, Inc.*
Case No.: 0:14-cv-62945-Bloom/Valle
Page 8 of 15

IV.    *Motions for Summary Judgment*

30.    The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

31.    The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

32.    To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case. *See id*. at 325.

33.    After the movant has met its burden under Rule 56(c), the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

34.    The non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e); *Matsushita*, 475 U.S. at 587.

35.    As long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

36.    "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v.*

*Harty v. North Lauderdale Supermarket, Inc.*
Case No.: 0:14-cv-62945-Bloom/Valle
Page 9 of 15

*Darby*, 911 F.2d 1573, 1577 (11th Cir.1990).

37.     If the evidence advanced by the non-moving party "is merely colorable, or is not significantly

        probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations

        omitted).

*V.*     *Attorney's Fees in ADA Cases*

38.     If a plaintiff does not achieve a judicially sanctioned change in the relationship between the

        parties, and the case is dismissed for mootness (or summary judgment is entered in the

        defendant's favor), the plaintiff cannot be considered a prevailing party, and is not entitled

        to an award of attorney fees. *See Buckhannon* at 532 U.S. 598, 605 (2001); see also *Dionne*

        *v. Floormasters Enterprises, Inc.*, 667 F.3d 1199, 1200 (11th Cir. 2012).

**D.     ARGUMENT**

*I.*     *Sedano's Has Corrected All Alleged Deficiencies Set Forth in the Plaintiff's Complaint*

39.     In his Complaint, Plaintiff alleges the following accessibility barriers at the Facility:

        a.      The required clear floor space is not provided for hand sanitizers due to a trash can

                or merchandise;

        b.      The seating/tables in the dining area do not provide toe clearance that extends 17"

                minimum under the tables;

        c.      Latch side clearance of 18" is not providing on the pull side of the restroom door and

                a trash can is in the required maneuvering clearance;

*Harty v. North Lauderdale Supermarket, Inc.*
Case No.: 0:14-cv-62945-Bloom/Valle
Page 10 of 15

    d.      The men's toilet compartment is not at least 60" by 59", lacks the required pull hardware on both sides, and is not self-closing;

    e.      The lavatory pipes are not properly insulated;

    f.      The clear width to enter the area where the urinal is located is less than 32" wide;

    g.      In the toilet compartment, the centerline of the water closet is more than 18" from the side wall, the top of the gripping surface on the rear grab bar is higher than 36" above the finish floor, the side grab bar extends less than 52" from the rear wall, and the toilet paper dispenser is mounted less than 12" above the side grab bar; and

    h.      The paper towel dispenser requires tight grasping with both hands to operate.

*See* Complaint [DE #1] at ¶ 7.

40.      Sedano's responds to these allegations as follows:

    a.      There is a 30" x 48" clear floor space at the hand sanitizer dispenser, in the rear of the Facility, adjacent to the toilet rooms in accordance with sections 305.3 and 309.2 of the 2010 Standards. *See* Exhibit A at ¶ 6. Therefore, as of June 5, 2015, the alleged barrier to accessibility created by the "trash can or merchandise" does not exist at the Facility and this allegation is moot.

    b.      There is a seating table in the dining area that provides toe clearance that extends 17 inches minimum under the table in accordance with the Sections 226, 305.4, 306.2.3 and 902.2.2 of the 2010 Standards. *See id*. at ¶ 7. Therefore, as of June 5, 2015, the alleged barrier to accessibility created by the lack of a compliant toe counter does not exist at the Facility and this allegation is moot.

*Harty v. North Lauderdale Supermarket, Inc.*
Case No.: 0:14-cv-62945-Bloom/Valle
Page 11 of 15

     c.     The entry door to the men's restroom has a latch side clearance of 18 inches on the pull side of the restroom door in accordance with section 404.2.4 of the 2010 Standards. *See id.* at ¶ 8. Therefore, as of June 5, 2015, the alleged barrier to accessibility created by the lack of a latch side clearance of 18 inches on the pull side of the restroom door does not exist at the Facility and this allegation is moot.

     d.     The men's toilet compartment is at least 60 inches wide by 59 inches deep, the required pull hardware is installed on both sides of the stall door, and the stall door is self-closing, in accordance with Section 604.8.1.1 and 604.8.1.2 of the 2010 Standards. *See id*. at ¶ 9; *see also* Exhibit B at ¶10. Therefore, as of June 5, 2015, the alleged barrier to accessibility does not exist at the Facility and this allegation is moot.

     e.     The lavatory pipes are insulated in accordance with Section 4.19.4 of the 2010 Standards. *See* Exhibit A at ¶ 10. Therefore, as of June 5, 2015, the alleged barrier to accessibility does not exist at the Facility and this allegation is moot.

     f.     Notwithstanding that Section 213.3.3 states that urinals only have to comply with the regulations "where more than one urinal is provided," the clear width to enter the area where the urinal is located exceeds 36 inches in accordance with Section 403.5.1 of the 2010 Standards. *See* Exhibit A at ¶ 11. Therefore, as of June 5, 2015, the alleged barrier to accessibility does not exist at the Facility and this allegation is moot.

*Harty v. North Lauderdale Supermarket, Inc.*
Case No.: 0:14-cv-62945-Bloom/Valle
Page 12 of 15

      g.      The toilet compartment in the centerline of the water closet is between 16 and 18 inches from the side wall, the top of the gripping surface on the rear grab bar is between 33 and 36 inches above the finished floor, the side grab bar extends at least 54 inches from the rear wall and the toilet paper dispenser is mounted more than 1½ inches below the side grab bar in accordance with Sections 604.2, 604.5, 604.8.1.1, 604.8.1.5 609.3, and 609.4 of the 2010 Standards. *See id*. at ¶ 12. Therefore, as of June 5, 2015, the alleged barriers to accessibility in the water closet of the bathroom does not exist at the Facility and this allegation is moot.

      h.      Finally, the paper towel dispenser does not require tight grasping with both hands to operate in accordance with Section 309.4 of the 2010 Standards. *See id*. at ¶ 13. Therefore, as of June 5, 2015, the alleged barrier to accessibility does not exist at the Facility and this allegation is moot.

41.      Thus, all alleged barriers to accessibility identified in the complaint have been removed and/or corrected. There are no longer any barriers to access in the Facility, and Plaintiff cannot create any genuine issue of material fact as to this issue.

B.      *There Is No Record Evidence That the Barriers Will Recur in the Future*

42.      There is no record evidence showing that Sedano's has any intention of making further changes in the Facility that would take the Facility out of compliance with the ADA.

43.      As mentioned *supra*, Sedano's has adopted a policy designed to ensure compliance with the ADA, and has trained personnel at the Facility to comply with that policy. *See* Exhibit B at ¶¶ 12-15.

*Harty v. North Lauderdale Supermarket, Inc.*
Case No.: 0:14-cv-62945-Bloom/Valle
Page 13 of 15

44.     Because Plaintiff must concede that the Facility is now in compliance with the ADA, and

because Plaintiff is unable to advance a non-speculative basis to suggest that Sedano's would

reverse the physical modifications it has completed, this case is now moot and should be

dismissed under Rule 12(b)(1).

III.    *Even if Plaintiff's Claims Were Not Moot, Plaintiff Cannot Show that he is Entitled to
Injunctive Relief*

45.     Even if the Court determines that there is enough of a live controversy to avoid a mootness

dismissal, Plaintiff still cannot show that he is entitled to injunctive relief.

46.     It is not enough for the plaintiff to merely allege past exposure to unlawful conditions: "Past

exposure to illegal conduct does not in itself show a present case or controversy regarding

injunctive relief … if unaccompanied by any continuing, present adverse effects." *O'Shea*,

414 U.S. at 495-496.

47.     In this case, there is simply not sufficient admissible evidence to justify the entry of a

permanent injunction against Sedano's. All of the violations identified by Plaintiff have been

rectified by Sedano's, and the Facility is now in compliance with the ADA and the FAC.

48.     Furthermore, Sedano's has adopted a policy designed to prevent further violations of the

ADA. Plaintiff cannot identify any way in which any disabled individual is likely to suffer

substantial injury in the future. Plaintiff certainly cannot show that a likelihood that he will

personally encounter conditions at the Facility that present barriers due to his specific

physical limitations.

49.     In the absence of any non-speculative evidence of likely future injury, Plaintiff cannot

establish a substantial likelihood of success on their claims for injunctive relief.

*Harty v. North Lauderdale Supermarket, Inc.*
Case No.: 0:14-cv-62945-Bloom/Valle
Page 14 of 15

**WHEREFORE**, Defendant North Lauderdale Supermarket, Inc. d/b/a Sedano's Supermarket #35 respectfully requests that this Honorable Court grants this Motion, dismissing Plaintiff's claims against the Defendant with prejudice, or in the alternative, enters judgment in the Defendant's favor on all claims applicable to it.

Dated: June 11, 2015

Respectfully submitted,

**/s/ Carl Bober, Esq.**
Carl Bober, Esq.
Fla. Bar. No. 827710
Cbober@Florida-Law.com
Evan Zuckerman, Esq.
Fla. Bar. No. 52974
Ezuckerman@Florida-Law.com
Vernis & Bowling of Broward, P.A.
5821 Hollywood Blvd, First Floor
Hollywood, FL 33021
Telephone: (954) 927-5330
Facsimile: (954) 927-5320

*Harty v. North Lauderdale Supermarket, Inc.*
Case No.: 0:14-cv-62945-Bloom/Valle
Page 15 of 15

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF

on June 11, 2015 on all counsel or parties of record on the Service List below.

**/s/ Carl Bober, Esq.**

## <u>SERVICE LIST</u>

Philip Michael Cullen, III, Esq.
cullen@thomasbaconlaw.com
Thomas B. Bacon, P.A.
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
Telephone: (954) 462-0600
Facsimile: (954) 462-1717
Attorney for Plaintiff

Carl Bober, Esq.
CBober@Florida-Law.com
Vernis & Bowling of Broward, P.A.
5821 Hollywood Blvd., First Floor
Hollywood, FL 33021
Telephone: (954) 927-5330
Facsimile: (954) 927-5320
Attorney for Defendant Doral Supermarket, Inc.

Evan A. Zuckerman, Esq.
EZuckerman@Florida-Law.com
Vernis & Bowling of Broward, P.A.
5821 Hollywood Blvd., First Floor
Hollywood, FL 33021
Telephone: (954) 927-5330
Facsimile: (954) 927-5320
Attorney for Defendant Doral Supermarket, Inc.